UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA L. CUNNINGHAM and
DAVID CUNNINGHAM,

    Plaintiffs,

v.                                                Case No. 8:23-cv-2472-TPB-AEP

SANOFI-AVENTIS U.S. LLC and
SANOFI US SERVICES, INC.,

    Defendants.
_____/

## ORDER GRANTING IN PART
## "DEFENDANTS' MOTION FOR SUMMARY JUDGMENT"

This matter is before the Court on "Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law," filed on April 12, 2024. (Doc. 34). Plaintiffs Barbara and David Cunningham responded in opposition on May 24, 2024. (Doc. 39). Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc. filed a reply on June 5, 2024. (Doc. 40). Upon review of the motion, response, reply, court file, and record, the Court finds as follows:

### Background

This case is one of thousands of similar cases filed since 2016.[1] On July 11, 2017, Plaintiffs Barbara and David Cunningham sued directly in the Eastern

---

[1] In the Louisiana MDL, over 10,000 cases have been filed. A New Jersey state court multi-county litigation ("MCL") is also pending, *In re Taxotere Litigation* (Sup. Ct. of N.J., Middlesex Co. No. 628), with at least 149 claims.

District of Louisiana as part of the multidistrict litigation ("MDL") entitled *In re: Taxotere (Docetaxel) Prods. Liab. Lit.*, MDL No. 2740.  The case was not resolved by the MDL transferee court ("MDL court"), and on October 28, 2024, it was transferred to this Court.

On March 14, 2011, Mrs. Cunningham was diagnosed with breast cancer.  Her oncologist, Dr. Susan Minton, prescribed a chemotherapy regimen that began with three cycles of Fluorouracil, Epirubicin, and Cytoxan ("FEC"), followed by three cycles of Taxotere.  Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc. manufacture Taxotere, a chemotherapy drug first approved by the Food and Drug Administration to treat a variety of life-threatening cancers, including breast cancer.

Mrs. Cunningham lost her hair after receiving her first chemotherapy cycle, which was the non-Taxotere FEC cycle.  She expected to lose her hair during chemotherapy but expected her hair to fully return within a reasonable period of time after completing chemotherapy, and she was upset when her hair did not grow back within a year of completing chemotherapy.

On September 12, 2011, Mrs. Cunningham underwent surgery to treat her cancer.  Then, from November 2011 through December 8, 2011, she underwent radiation treatment.  When her hair had not returned a few months after the surgery as she expected, she felt like something was wrong.  Although her hair began to grow, it came back "spotty" with "so much balding" that she could not grow her hair out.  When her hair did not return as expected within a year after

radiation, she knew that something was wrong. Sometime between February 2012 and December 2012, she recognized that she had permanent hair loss.

After seeing a television advertisement, Mrs. and Mr. Cunningham filed this lawsuit on July 11, 2017. Mrs. Cunningham alleges that Taxotere caused her to experience permanent hair loss. In the short form complaint, Plaintiffs asserts claims for strict products liability – failure to warn (Count I), strict products liability for misrepresentation (Count II), negligence (Count III), negligent misrepresentation (Count IV), fraudulent misrepresentation (Count V), fraudulent concealment (Count VI), fraud and deceit (Count VII), breach of express warranty (Count VIII), and other (including intentional infliction of emotional distress).[2] Mr. Cunningham asserts a derivative loss of consortium claim.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the

---

[2] The MDL court previously dismissed Counts II and VIII but granted individual plaintiffs leave to amend their short form complaints to add missing allegations. Because Mrs. and Mr. Cunningham never amended, these claims have been abandoned.

nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Defendants seek summary judgment on all remaining claims, arguing that the entire action is barred by the statute of limitations.[3] Under Florida law, the statute of limitations for products liability, fraud, intentional infliction of emotional distress, negligence, and loss of consortium is four years. §§ 95.11(3)(e), 95.031, *F.S.* Generally, "[a] cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), *F.S.* However, for products liability and fraud actions, "[t]he limitations period does not begin to run until 'the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence.'" *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1323 (11th Cir. 2017) (quoting § 95.031, *F.S.*).

The knowledge required for the limitations period to begin to run does not need to "rise to that of legal certainty." *Id.* (quoting *Univ. of Miami v. Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991)). Instead, plaintiffs are only required to have "notice,

---

[3] Defendants also argue that Plaintiffs' failure to warn claims are barred by the learned intermediary doctrine. Because the Court finds the statute of limitations dispositive, it declines to address this argument.

through the exercise of reasonable diligence, of the possible invasion of their legal rights." *Id.* (quoting *Bogorff*, 583 So. 2d at 1004).  Notice has two essential components: a distinct injury and exposure to the product at issue.  *Id.*  Therefore, to warrant summary judgment based on the statute of limitations, the evidence must clearly establish that more than four years before Plaintiffs filed suit, they were aware of a distinct change in Mrs. Cunningham's condition and that they knew that Mrs. Cunningham was exposed to the product at issue.

The record is clear that Mrs. Cunningham knew that she was injured by December 2012, at the latest.  She knew that she suffered hair loss following chemotherapy.  (Doc. 1 at 4; Doc. 34-6, Cunningham Dep. 36:9-13).  Although she expected her hair to grow back after chemotherapy and after radiation treatment, only a small portion of her hair did.  (Doc. 34-6, Cunningham Dep. 26:16-27:14; 35:20-38.2; 39.3-40; 44:16-19; 114:18-115:5; 164:22-24).  Mrs. Cunningham testified that within two months to a year after completing radiation treatment – that is, between February 2012 and December 2012 – she recognized that she had permanent hair loss.  (Doc. 34-6, Cunningham Dep. 45:3-6; 74:13; 74:23-75:20).  *By her own admission, by December 2012, Mrs. Cunningham had determined her hair would not grow back.*  (Doc. 39 at 9 (responding to Defendants' SUF ¶ 21); Doc. 34-6, Cunningham Dep. 45:3-6; 74:23-75:20).  She knew, therefore, that she was injured at that time.  She also has not disputed that since losing her hair, she has not been able to come up with any other explanation for her hair loss besides chemotherapy.  (Doc. 39 at 10 (responding to SUF ¶ 26); Doc. 34-6, Cunningham Dep. 48:23-51:2).

Mrs. Cunningham argues that material facts remain in dispute concerning the delayed discovery rule and when the injury was knowable to her. However, her deposition testimony was unequivocal, and she had notice of sufficient facts giving rise to her claims by December 2012, at the latest. In addition, "[p]ermanent hair loss is a sufficiently dramatic injury suggesting a product defect, and lack of hair regrowth two years after chemotherapy sufficiently 'stand[s] out from the norm to start the statutory clock.'" *McElrath v. Sanofi-Aventis US LLC*, No. 3:23-cv-12137-MCR-HTC, 2024 WL 1252377, at *4 (N.D. Fla. Mar. 13, 2024) (Rodgers, J.) (quoting *Eghnayem*, 873 F.3d at 1324).

Mrs. Cunningham argues that Defendants' position on the statute of limitations is directly at odds with their own expert evidence and contentions that Mrs. Cunningham does not have permanent hair loss, that Taxotere cannot cause permanent hair loss, and that Taxotere did not cause permanent hair loss in this specific case. The opinions of expert witnesses, including defense experts, are not pertinent to the statute of limitations issue – after all, a defendant does not need to concede to causation and injury for the statute of limitations to commence. *See id.* (citing *Ali v. Sanofi-aventis U.S. LLC*, No. 3:23-cv-02694-JSC, 2023 WL 6390592, at *7 (N.D. Cal Sept. 29, 2023)). It is enough that Mrs. Cunningham testified that she knew she was injured for the clock to start, or that she should have known that she was injured.

Mrs. Cunningham also contends that there is no evidence that she knew Taxotere, rather than one of the other cancer treatment drugs, was responsible for

her hair loss. But Florida law considers whether the facts "should have been discovered with the exercise of due diligence." § 95.031(2)(b), *F.S.* This is an objective standard, and it is clear that had Mrs. Cunningham exercised due diligence, she would have discovered the connection between her permanent hair loss and Taxotere. Medical literature and popular news articles have been published since at least 2006 suggesting that the use of docetaxel (*i.e.*, Taxotere) may result in permanent hair loss, with popular news reports being published in 2010. *See McElrath*, 2024 WL 1252377, at *5 (collecting cases).

Mrs. Cunningham's equitable tolling argument is also unavailing. Under Florida law, a plaintiff must establish "1) that the [d]efendant successfully concealed the cause of action, and 2) that the [d]efendant employed fraudulent means to achieve that concealment." *Doe v. Cutter Biological*, 813 F. Supp. 1547, 1555 (M.D. Fla. 1993). Yet, "[a]s the articles and medical reports about the connection between Taxotere and hair loss show, Sanofi did not successfully conceal the cause of action." *McElrath*, 2024 WL 1252377, at *6.

The argument that Defendants are not "good actors" is irrelevant. Statutes of limitations are not only meant to protect "good" actors, and they "often bar perfectly valid claims." *Id.* (quoting *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1434 (11th Cir. 1997)).

Mrs. Cunningham had knowledge of sufficient facts giving rise to her claims by December 2012, at the very latest. Consequently, the statute of limitations

expired in December 2016, at the very latest. Because Mrs. and Mr. Cunningham waited to file their lawsuit until July 11, 2017, their claims are time-barred.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 34) is **GRANTED** to the extent the Court finds that Plaintiffs' claims are barred by the statute of limitations.

2. The Clerk is **DIRECTED** to enter final judgment in favor of Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc., and against Plaintiffs Barbara and David Cunningham.

3. Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of June, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE