UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA L. CUNNINGHAM and
DAVID CUNNINGHAM,

     Plaintiffs,

v.          Case No. 8:23-cv-02472-TPB-AEP

SANOFI-AVENTIS U.S. LLC, ET AL.,

     Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

This cause comes before the Court upon Plaintiffs Barbara and David Cunningham's Motion for Review of Clerk's Action on Bill of Costs. (Doc. 54). Defendants Sanofi-Aventis U.S. LLC, et al., have filed a response in opposition to Plaintiffs' motion. (Doc. 57). Based on the foregoing, it is recommended that Plaintiffs' motion be denied.

**I.  Background**

Plaintiffs initiated this action against Defendants alleging products liability claims related to Defendants' failure to warn of permanent chemotherapy induced alopecia. On September 14, 2024, the Court entered an order granting Defendants' motion for summary judgment. (Doc. 41). As the prevailing party, Defendants moved to tax their costs against Plaintiffs. Consistent with Fed. R. Civ. P. 54, Defendants filed a verified bill of costs, requesting an award of costs in the amount

of $9,613.41, which the Clerk entered as a judgment. (Doc. 52). Plaintiffs now seek to reverse the Clerk's judgment and deny an award of costs or, in the alternative, set aside a portion of the Clerk's judgment. (Doc. 54).

At issue are charges for video and stenographic recordings services and for collection of medical records. In their bill of costs, Defendants requested reimbursement for $7,675.69 spent to order video and stenographic transcripts of the depositions of Plaintiff Barbara Cunningham and Dr. Susan Minton, M.D. Defendants also requested reimbursement for $1,937.72 spent to collect medical records from several different providers. According to Plaintiffs, these charges should not be taxed because they are "unreasonably high and clearly violate the bounds of 28 U.S.C. § 1920." (Doc. 54, at 3).

**II. Legal Standard**

The prevailing party in a civil case, such as here, is presumptively entitled to recover costs under Fed. R. Civ. P. 54. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). But this presumption comes with several caveats. Rule 54 does not permit a winning litigant to seek "every expense he has seen fit to incur in the conduct of his case." *TA Chen Int'l, Inc. v. Benada Aluminum Prod., LLC*, No. 6:20-cv-659-PGB-EJK, 2021 WL 7542044, at *1 (M.D. Fla. June 1, 2021). Recoverable costs are limited to the items in 28 U.S.C. § 1920 and related statutes. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 authorizes the taxing of:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Even if recoverable, Rule 54 allows federal courts discretion to refuse costs that are unreasonable or improper, so long as the court provides a sound basis for doing so. *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

**III.    Analysis**

The parties agree that costs incurred for video and stenographic recording services are generally recoverable under Rule 54. (Doc. 54, at 7). According to Plaintiffs, however, this general rule is inappropriate here because "Defendants

failed to assert any reason why *both* videographic and stenographic transcripts were recorded." (*Id.* at 6) (emphasis added).

Plaintiffs argue that the recording fees sought are unreasonable. (Doc. 54, at 4–6). However, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Costs for a video deposition are properly taxable here because Plaintiffs did not object to Defendants using both stenographic and non-stenographic means at the time they were noticed of the depositions. The determination that the taxation for the cost of video depositions is allowable under § 1920 does not end the analysis.

Plaintiffs are correct that transcript costs are constrained by a necessity requirement—"In determining whether the costs of recording a deposition may be taxed under § 1920, a district court must decide the factual question of whether the deposition was necessarily obtained for use in a case." *Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012). Where Plaintiffs' argument falls short is the application of this principle.

Plaintiffs claim that the video recordings were unnecessary because the footage was not used, and it was anticipated that Mrs. Cunningham would testify at trial. (Doc. 54, at 4–5). This argument misconstrues the inquiry. It is not necessary

that such videos be used. The focus is on the need of the prevailing party throughout the case. *See Paylan v. Teitelbaum*, No. 1:15-CV-159-MW-GRJ, 2018 WL 5289501 (N.D. Fla. Aug. 1, 2018), *report and recommendation adopted*, No. 1:15CV159-MW/GRJ, 2018 WL 5283442 (N.D. Fla. Oct. 24, 2018) (permitting costs for videotaping of the plaintiff's deposition, finding that "[t]he fact that she would have been present at trial has nothing to do with the necessity of videotaping her deposition" and that the plaintiff was "arguably one of the most important depositions" in the case); *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 791 (N.D. Tex. 2014) (finding video deposition testimony necessarily obtained for use given the nature of the litigation, as well as the possibility that individuals would not appear at trial). Both depositions memorialized sworn testimony that Defendants relied upon in order to ascertain Plaintiffs' claims and Defendants' defenses. Further, Defendants relied on the deposition testimony and stenographic transcripts to support its summary judgment motion. *See Harrison v. Belk, Inc.*, 740 F. App'x 708, 708–9 (11th Cir. 2018) ("But a party may recover 'costs associated with the depositions submitted by the parties in support of their summary judgment motions.'") (quoting *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

Plaintiffs also argue that the itemized costs related to video recording services, listed in Doc. 45-2, are not covered under 28 U.S.C. § 1920. Fees such as those enumerated in Doc. 45-2 are directly related to preparing the transcript and as such are properly taxable. *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254,

1258–59 (S.D. Fla. 2013) ("Numerous courts have ruled that court reporter appearance fees are properly taxable as costs. . . . [T]he appearance fee is directly related to preparing the transcript."); *see also Akkasha v. Bloomingdales, Inc.*, No. 17-22376-CIV, 2020 WL 6820876, at *2 (S.D. Fla. June 23, 2020), *report and recommendation adopted*, No. 17-22376-CIV, 2020 WL 6820880 (S.D. Fla. July 8, 2020) (citing *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) (finding that the following costs incurred in connection with the plaintiff's deposition were taxable pursuant to Section 1920: the court reporter's appearance fees, transcript fees, and postage and handling costs); *Ferguson v. Bombardier Servs. Corp.*, No. 03-CV-1380, 2007 WL 601921, at *4 (M.D. Fla. 2007) ("Attendance fees of the court reporter or per diem, processing and handling, and delivery fees are part of the court reporter's fee and are taxable."). Accordingly, it is recommended that the Court deny Plaintiffs' objection to costs awarded to Defendants under 28. U.S.C. § 1920 for Barbara Cunningham and Dr. Minton's depositions.

Plaintiffs further argue that Defendants "failed to explain why it was necessary to order medical records on so many separate occasions." (Doc. 54, at 6). Costs for medical records are recoverable under 28 U.S.C. § 1920(4) as "photocopying charges" if the records were necessarily obtained for use in the case. *See Thayer v. Randy Marion Chevrolet Buick Cadillac*, No. 6:19-cv-784-GAP-LHP, 2021 WL 4994033, at *6 (M.D. Fla. Oct. 4, 2021). Though Plaintiffs are correct that there is a necessity requirement that must be met to recover copying costs, they fail to provide any reason why these costs were unnecessary and "exorbitant and/or extraneous." (Doc. 54, at 6). While Plaintiffs seem to suggest that awarding Defendants costs will

have a chilling effect on future tort litigation (*See* Doc. 54, at 6), like in *Kates v. Nocco*, they cite "no Eleventh Circuit authority recognizing a potential chilling effect as a factor district courts may consider in ruling on a motion for taxation of costs." No. 8:22-cv-342-VMC-TGW, 2023 WL 7495513, at *3 (M.D. Fla. Nov. 13, 2023) (declining to waive any portion of the taxable costs based on the "chilling effect" argument) (citations and quotations omitted).

The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). The Court has little trouble concluding that Defendants meet this standard. Plaintiffs put Mrs. Cunningham's health at issue, and Defendants were accordingly entitled to seek medical records to understand Plaintiffs' claims and potential alternative causes of her alleged hair loss. Accordingly, it is recommended that the Court deny Plaintiffs' objection to costs awarded to Defendants under 28 U.S.C. § 1920 with respect to Defendants' request to tax $1,937.72 in costs for copies.

**IV.    Conclusion**

Based on the foregoing, it is

RECOMMENDED:

1.  Plaintiffs' Motion for Review of Clerk's Action on Bill of Costs (Doc. 54) be DENIED.

IT IS SO REPORTED in Tampa, Florida, this 25th day of November 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. Thomas P. Barber
       Counsel of Record